E. H. CROUCH *v.* COUNTY COURT OF WYOMING COUNTY

(No. 8191)

Submitted October 1, 1935.  Decided October 8, 1935.

*Carl C. Sanders,* for appellant.

*Homer A. Holt,* Attorney General, *W. Holt Wooddell,* Assistant Attorney General, and *F. E. Shannon,* Prosecuting Attorney, for appellee.

MAXWELL, JUDGE:

This review involves a Wyoming County land assessment alleged by the owner, E. H. Crouch, to be excessive.

In January, 1933, he bought of the Newberry heirs a tract of about 3,600 acres in Clear Fork District of said County and the minerals underlying about 200 acres in Oceana District. The consideration was $75,000.00. For 1933 and 1934 the assessment on the 3,600 acre tract was $31.50 per acre, and on the mineral tracts $22.50. The total is between $116,000 and $120,000 (exact amount not disclosed by record). Crouch paid the taxes for 1933. The controversy pertains to the 1934 assessment. This assessment was made by the assessor of Wyoming County, and approved by the county court sitting as a board of review and equalization (Acts 1933, chapter

41), and by the circuit court on appeal (Code 1931, 11-3-25).

The statute, Code 1931, 11-3-25, allows appeal to this Court where the assessment is $50,000.00 or more. We will not disturb an assessment which is supported by substantial evidence unless it is plainly wrong. *Power Co.* v. *Board of Review,* 112 W. Va. 442, 164 S. E. 862. However, in the instant case we are of opinion that the assessment is not well supported.

The price paid for property is not conclusive as to value, but it may be a very important element of proof where there has been an open transaction between competent parties dealing at arm's length as appears from the evidence herein.

On this inquiry our attention is first arrested by the fact that the assessed valuation is nearly $50,000 in excess of the price for which the property recently sold.

Secondly, we find that probably $15,000 worth of timber has been removed from the land by Crouch since he purchased it; yet no reduction on that account was made in the 1934 assessment.

Thirdly, it is to be noted that there is a total lack of evidence in the record tending to establish a basis for the valuation reflected in the assessment.

And fourthly, the nature and value of improvements placed on the land by Crouch is uncertain and indefinite.

In the light of all which we reverse the order of the circuit court and remand the case for further proceedings wherein the matters to which we have made reference may be given proper consideration in re-determination of the assessment of said property.

*Reversed and remanded.*